# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

    MN Airlines, LLC d/b/a                     Bky. Case No. 08-35197 (RJK)
    Sun Country Airlines,

                                             Chapter 11

                   Debtor.

In re:

    MN Airlines Holdings, Inc.,                      Bky Case No. 08-35198 (RJK)

                   Debtor.                          Chapter 11

## RESPONSE OF DOUGLAS A. KELLEY, TRUSTEE AND RECEIVER, TO SUN ENTITIES' OBJECTION TO CONFIRMATION OF DEBTORS' MODIFIED JOINT PLAN OF REORGANIZATION

Douglas A. Kelley, Chapter 11 Trustee ("Trustee") of Petters Group Worldwide, LLC ("PGW") and Petters Company, Inc. ("PCI") (jointly administered as Case No. 08-45257 in the United States Bankruptcy Court for the District of Minnesota) and as Receiver of Thomas J. Petters, Case No. 08-05348 in the United States District Court for the District of Minnesota, in response to the Sun Entities' Objection to Confirmation of Debtors' Modified Joint Plan of Reorganization ("Objection") and in support of the Debtors' Modified Joint Plan of Reorganization ("Plan") state as follows:

### INTRODUCTION

At the core of the Objection is the faulty assumption that any ballots cast by (a) the Trustee on behalf of PGW, (b) Petters Aircraft Leasing, LLC ("PAL"), or (c) Petters Aviation, LLC (collectively "the Petters Entities") should not be counted for purposes of calculating non-insider votes because the claims underlying such ballots were once owned and controlled by an

"insider" under the Bankruptcy Code and that Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC and Sun Credit, LLC (the "Sun Entities") are entitled to cast three ballots. For the reasons set forth below, ballots cast on behalf of the Petters Entities do not represent votes cast by "insiders" as that term is defined statutorily and by case law under the Bankruptcy Code and should be counted as Class 5B non-insider votes, and the ballots filed by the Sun Entities should be deemed and counted as a single claim by a single creditor entitled to a single vote.

## PETTERS' FRAUD BACKGROUND

PCI was founded in 1987 and is a privately-held Minnesota corporation. It is owned 100% by Thomas J. Petters, as is Palm Beach Finance. PCI, in turn, is the sole member and owns 100% of the membership interests of PC Funding, Thousand Lakes, SPF Funding, PL Ltd., Edge One, MGC Finance and PAC Funding. The operations and management decisions of PCI and its subsidiary entities, as well as Palm Beach Finance, were all conducted at PCI's headquarters, located at 4400 Baker Road, Minnetonka, Minnesota. PCI served as the venture capital arm of the Petters enterprises, utilizing single purpose entities and direct financing to obtain billions of dollars of funding, and purportedly to acquire merchandise for sale to wholesalers and retailers nationwide, which purchase and sale business for all practical purposes never existed.

PGW was founded in 1988 and is a privately-held Delaware limited liability company. PGW is owned 100% by Thomas J. Petters. The management decisions of PGW and its subsidiary entities were also conducted at PGW's headquarters, located at 4400 Baker Road, Minnetonka, Minnesota. PGW obtained funding from investors/lenders and from PCI. Millions of dollars from PCI and PGW directly or indirectly funded the acquisition and ongoing

operations of the Debtors, as evidenced by proofs of claims filed in this case, as well as in the Petters Aviation, LLC Chapter 11 case.

On or about September 24, 2008, the Federal Bureau of Investigation, together with the Internal Revenue Service – Criminal Investigation Division and the United States Postal Inspection Service executed a search warrant on the headquarters of the Petters' businesses and seized records of PCI, PGW, sole-owner Petters and other employees allegedly involved in a fraudulent Ponzi scheme. On October 3, 2008, Petters was arrested on charges of mail and wire fraud, money laundering, and conspiracy. Other executives of PCI who have also been implicated in this scheme have also been arrested on various charges and have pleaded guilty to certain crimes.

On December 1, 2008, as well as through a superseding indictment issued on June 3, 2009, Petters, PCI and PGW were indicted by a federal grand jury on charges of: (i) mail fraud, (ii) wire fraud, (iii) conspiracy to commit mail fraud and wire fraud, (iv) money laundering, and (v) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 371, 1343, 1956, and 1957. See Indictment, Docket No. 75 and Superseding Indictment, Docket No. 196, *U.S.A. v. Petters, et al.*, Case No. 08-cr-00364 (RHK-AJB) (D. Minn.). The indictments allege that Petters used PCI and PGW, as well as their subsidiary entities, to orchestrate a massive Ponzi scheme to defraud investors out of more than $3.5 billion. On December 2, 2009, a jury found Petters guilty on all 20 counts charged by the United States, and he was later sentenced to 50 years in federal prison. An appeal from his criminal conviction and sentencing is currently pending.

On October 2, 2008, Plaintiff United States of America, in support of a criminal investigation, sought an asset freeze and receivership under the Anti-Fraud Injunction Act, 18 U.S.C. § 1345, for the benefit of victims of the massive fraud that took place at PGW and PCI in

3

the United States District Court for the District of Minnesota, captioned *United States v. Thomas Joseph Petters, et al*., Civil Case No. 08-05348 ADM/JSM.  The Honorable Ann D. Montgomery was assigned the case.  On October 6, 2008, Judge Montgomery issued an Order for Entry of Preliminary Injunction, Order Appointing Receiver and Other Equitable Relief, [Dkt. No. 12], as subsequently amended on October 14, 2008 [Dkt. No. 43], October 22, 2008 [Dkt. No. 70] and December 8, 2008 [Dkt. No. 127] (collectively, the "Receivership Order").  Judge Montgomery appointed Douglas A. Kelley as Receiver (the "Receiver") for Petters, PCI and PGW, as well as certain entities owned and controlled 100% by such entities.  Pursuant to the Receivership Order, the Receiver is to "conserve, hold and manage all receivership assets … in order to prevent any irreparable loss, damage or injury to consumers or creditors of the Entities [under the receivership]."  Receivership Order, p. 11, ¶ IV(B)(4).  Judge Montgomery, through the Receivership Order, specifically granted the Receiver authority to file "any bankruptcy petitions for any of the [Debtors] to protect and preserve the assets of any of the [Debtors]."  *See* Second Amended Order of Preliminary Injunction, Appointment of Receiver and Other Equitable Relief, Sect. IV, paragraph (B)(2)(c), Dkt. No. 127.

Voluntary petitions commencing the Chapter 11 cases of PCI and PGW were filed on October 11, 2008.  Petitions commencing the Chapter 11 cases of PC Funding, LLC, Thousand Lakes, LLC, SPF Funding, LLC, PL Ltd., Inc., Edge One, LLC and MGC Finance, Inc. were filed on October 15, 2008.  The petition commencing the Chapter 11 case of PAC Funding, LLC was filed on October 17, 2008.  The petition commencing the Chapter 11 case of Palm Beach Finance Holdings, Inc. was filed on October 19, 2008 (collectively, the "Petters Cases").  The Trustee continues to operate the Debtors' businesses as debtors-in-possession pursuant to Section 1108 of the Bankruptcy Code.

## BALLOTS

PGW has a temporarily-allowed claim for voting purposes in this case in the amount of $11,534,173.82. PAL has a temporarily-allowed claim for voting purposes in the amount of $41,350,364.81. Petters Aviation, LLC has a temporarily-allowed claims for voting purposes in the amounts of $17,202,910.87 and $3,272,727.00. These entities each cast Class 5B ballots in favor of the Plan. These ballots were cast and filed in the case of PGW by its Chapter 11 Trustee, in the case of Petters Aviation by a debtor-in-possession, and in the case of PAL, by an entity subject to the Receivership.

## ARGUMENT

### A. PGW, Petters Aviation and Petters Aircraft Leasing are not Insiders

The "insider" status of one voting on a plan is determined at the time the vote is taken, not at the time the claim arises. *In re MCorp Financial, Inc.*, 137 B.R. 219, 232 (Bankr. S.D. Tex. 1992), *In re Gilbert,* 104 B.R. 206, 210 (Bankr. W.D. Mo. 1989); *In re Featherworks Corp.*, 25 B.R. 624, 640 (Bankr. E.D.N.Y. 1982), *aff'd* 36 B.R. 640, 464 (E.D.N.Y. 1984). Generally, the determination of whether one is an insider is a question of fact. *In re Friedman*, 126 B.R. 63, 67 (B.A.P. 9th Cir. 1991); *In re Hydraulic Indus. Prod. Co.*, 101 B.R. 107, 109 (Bankr. E.D. Mo. 1989).

PGW's ballot is cast by a Chapter 11 operating trustee, who has the obligations of a trustee as provided in Section 1106 of the Code, and is generally regarded as a fiduciary on behalf of the bankruptcy estate. PAL's ballot is cast by an entity in the Receivership, where the Receiver reports to a United States District Court Judge. Petters Aviation's vote is cast by a debtor-in-possession, who is a fiduciary on behalf of the estate, whose discretionary power is limited. None of these ballots represents votes cast by insiders as defined under Section 101(31)

of the Bankruptcy Code. Furthermore, none of these ballots represents votes cast by insiders in a broader sense, if this Court were to look outside of the defined language of Section 101(31).

The Petters Entities with claims in these cases are seeking to maximize recovery for their respective estates or the Receivership, in order to maximize recovery for creditors who have been harmed by the Petters fraud. The fact that the entities holding such claims were once owned by Thomas J. Petters should be of no consequence, now that he is in prison, and the fruits of his fraud—so to speak—are being liquidated so that they can be legally and equitably allocated to creditors of the various entities. There is no basis to treat those tasked with this responsibility as insiders for voting purposes, thereby potentially placing them at a disadvantage in the confirmation process.

**B. The Sun Entities are a Single Creditor with a Single Claim for Voting Purposes**

The Sun Entities filed a single proof of claim in the MN Airlines bankruptcy case, Claim No. 229-1. The basis for this single claim is a single promissory note issued by MN Airlines, LLC in favor of the Sun Entities jointly as "Holders" in the amount of $27,296,959.43. The note specifically provides that it "supersedes all prior notes issued by [MN Airlines, LLC] to the Holders." Unlike MN Airline's obligations to PGW, PAL, and Petters Aviation, which arose from separate transactions and comprise separate obligations to distinct and separate creditors, MN Airlines does not have separate and independent obligations to each of the Sun Entities, but a single obligation to three joint payees. Despite the Sun Entities having filed a single claim, the Sun Entities cast three ballots in Class 5B.

Joint holders of an obligation are scrutinized for counting purposes under Section 303(b)(1). *See* 2 Collier on Bankruptcy §303.14[7] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). This heightened level of scrutiny applied to counting claimants in commencing an

6

involuntary case should also be applied to counting ballots in confirming a plan and emerging from bankruptcy. Where an agreement contains separate provisions creating separate, distinct and independent obligations for different sums to different creditors, such creditors hold independent claims and are entitled to vote separate ballots, but where the debtor has one obligation, in a single sum to joint holders of a single note, it constitutes a single creditor with a single claim for counting purposes. *See Subway Equip Leasing Corp. v. Sims*, 994 F.2d 210, 219 (5th Cir. 1993) (where debtor had separate contracts with affiliated creditors, each was qualified to file involuntary petition pursuant to 303(b)); *In re Iowa Coal Min. Co., Inc.*, 242 B.R. 661, 669 (Bankr. S.D. Iowa 1999) (joint obligation constituted one claim for counting purposes); *In re Richard A. Turner Co., Inc*., 209 B.R. 177, 179 (Bankr. D. Mass. 1997) (citing *In re McMeekin*, 16 B.R. 805, 809 (Bankr. D. Mass. 1982) (promissory note made payable to two or more individuals is enforceable only by all of them)); *In re Mid-America Industrial, Inc*., 236 B.R. 640, 644-645 (Bankr. N.D. Ill. 1999) (a joint right to payment constitutes a single claim for counting purposes); *In re T.P. Herndon and Co*., 87 B.R. 204, 206 (Bankr. M.D. Fla. 1988) (note payable to single entity in which various parties held an interest constituted one claim). The Uniform Commercial Code also supports this result. Minn. Stat. §336.3-110(d) ("If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged or enforced only by all of them.").

Here, the three ballots cast by the Sun Entities should properly be deemed a single ballot by a single creditor holding a single claim in the amount of $27,296,959.43. As a result, Class 5B, having three accepting votes and one rejecting vote, meets the requirements of § 1126(c) for both number and amount and should be determined to have voted to accept the Debtors' Plan.

## CONCLUSION

The Receiver and Trustee respectfully requests that (i) the ballots of Petters Aviation, PAL and PGW be treated as non-insider votes, (ii) that the ballots filed by Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC and Sun Credit, LLC be deemed a single claim, a single creditor and a single vote, and (iii) that Class 5B be determined to have accepted the Plan.

DATED: September 9, 2010

**LINDQUIST & VENNUM P.L.L.P.**

By:    /e/ James A. Lodoen
James A. Lodoen (#173605)
Daryle L. Uphoff (#111831)
Jeffrey D. Smith (#387035)

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DOUGLAS A. KELLEY, CHAPTER 11 TRUSTEE OF PETTERS COMPANY, INC., ET AL. AND RECEIVER**

In re:

    MN Airlines, LLC d/b/a                           Bky. Case No. 08-35197 (RJK)
    Sun Country Airlines,

                                                     Chapter 11

                Debtor.

In re:

    MN Airlines Holdings, Inc.,                        Bky Case No. 08-35198 (RJK)

                Debtor.                                    Chapter 11

## **CERTIFICATE OF SERVICE**

Gretchen Luessenheide of the City of New Hope, County of Hennepin, State of Minnesota, states that on September 9, 2010 she served the following documents:

1. Response of Douglas A. Kelley, Trustee and Receiver, to Sun Entities' Objection to Confirmation of Debtors' Modified Joint Plan of Reorganization;
2. Certificate of Service;

upon

| | |
|---|---|
| ASI<br>C/O GORDON S ROSEN<br>400 RELLA BLVD STE 205<br>SUFFERN, NY 10901 | American Airlines, Inc.<br>4333 Amon Carter Blvd.<br>Fort Worth, TX 76155 |
| KATHY BAILEY on behalf of Interested Party HOST INTERNATIONAL INC<br>BAILEY LAW GROUP PC<br>1615 L ST NW STE 1350<br>WASHINGTON, DC 20036 | Black Design, Inc.<br>1201 Harmon Place Ste 100<br>Minneapolis, MN 55403 |
| JAMES S CARR on behalf of Interested Party AIR BP<br>KELLEY DRYE & WARREN LLP<br>101 PARK AVE<br>NEW YORK, NY 10178 | CLAIMS RECOVERY GROUP LLC<br>92 UNION AVENUE<br>CRESSKILL, NJ 07626 |
| CREDITOR LIQUIDITY, LP<br>200 Business Park Drive, Suite 200<br>Armonk, NY 10504 | City of Grapevine<br>c/o Elizabeth Banda, Esq.<br>Perdue, Brandon, Fielder, et al<br>P. O. Box 13430<br>Arlington, TX 76094 |

| | |
|---|---|
| CHARLES A DALE on behalf of Interested Party Peter Mitchell<br>K&L GATES LLP<br>STATE STREET FINANCIAL CENTER<br>ONE LINCOLN ST<br>BOSTON, MA 02111 | DEBT ACQUISITION COMPANY OF AMERICA V, LLC<br>1565 HOTEL CIRCLE SOUTH<br>SUITE 310<br>SAN DIEGO, CA 92108 |
| Grapevine-Colleyville ISD<br>c/o Elizabeth Banda, Esq.<br>P. O. Box 13430<br>Arlington, TX 76094 | HALLMARK AVIATION SERVICES LP<br>C/O JIM CHAPPELL<br>5757 W CENTRUY B2 STE 860<br>LOS ANGELES, CA 90045 |
| Richard Hettler<br>4818 Overlook Lake Circle<br>Bloomington, MN 55437 | Iron Mountain Information Management, Inc.<br>c/o Frank F. McGinn, Esq.<br>Bartlett Hackett Feinberg P.C.<br>155 Federal Street, 9th Floor<br>Boston, MA 02110 |
| Fruman Jacobson<br>Sonnenschein Nath & Rosenthal LLP<br>7800 Sears Tower<br>233 South Wacker Dr<br>Chicago, IL 60606-6404 | ROY S KOBERT on behalf of Interested Party GREATER ORLANDO AVIATION AUTHORITY<br>BROAD AND CASSEL<br>PO BOX 4961<br>ORLANDO, FL 32802-4961 |
| EUGENE J KOTTENSTETTE on behalf of Interested Party CITY AND COUNTY OF DENVER<br>ASSISTANT CITY ATTORNEY<br>MUNICIPAL OPERATIONS<br>201 W COLFAX AVE DEPT 1207<br>DENVER, CO 80202-5332 | MENZIES AVIATION<br>C/O JAMES H ARMSTRONG<br>8505 FREEPORT PKWY STE 100<br>IRVING, TX 75063 |
| STEPHEN C STAPELTON on behalf of Interested Party Sabre Inc<br>DYKEMA GOSSETT PLLP<br>COMERICA BANK TOWER<br>1717 MAIN ST STE 2400<br>DALLAS, TX 75201 | SUN MINNESOTA DOMESTIC/FOREIGN LLC<br>C/O WHITEBOX ADVISORS LLC<br>MICHAEL WIETECKI<br>3033 EXCELSIOR BLVD STE 300<br>MINNEAPOLIS, MN 55416 |
| US Debt Recovery V, LP<br>940 Southwood Blvd, Suite 101<br>Incline Village, NV 89451 | KWANYU HELEN YU on behalf of Interested Party AMERICAN AIRLINES INC<br>AMERICAN AIRLINES<br>PO BOX 61916 MD 5675<br>DALLAS FT WORTH, TX 75261-9616 |

| | |
|---|---|
| Connie A. Lahn, Esq.<br>Lara O. Glaesman, Esq.<br>Fafinski Mark & Johnson, P.A.<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, Minnesota 55344 | Denver International Airport<br>Douglas W. Jessop, Esq.<br>J. Brian Fletcher, Esq.<br>Jessop & Company, P.C.<br>303 East 17th Avenue, #930<br>Denver, Colorado 80203 |
| FREESTONE VOLATILITY QUALIFIED<br>PARTNERS, LP<br>PRYOR CASHMAN LLP<br>410 Park Ave<br>New York, NY 10022 | Unsecured Creditors Committee of Petters<br>Aviation LLC<br>Leonard, Street and Deinard<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN, 55402 |

via U.S. Mail to the addresses listed above and electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

                /e/ Gretchen Luessenheide
              Gretchen Luessenheide