IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

MN AIRLINES, LLC d/b/a
SUN COUNTRY AIRLINES,

Case No. 08-35197 (RJK)

Debtor.

**NOTICE OF HEARING AND MOTION TO APPROVE SETTLEMENT AGREEMENT BY AND AMONG THE SUN COUNTRY CREDITORS TRUST AND SUN MINNESOTA FOREIGN HOLDINGS, LLC, SUN MINNESOTA DOMESTIC HOLDINGS, LLC, SUN CREDIT, LLC AND WHITEBOX ADVISORS LLC**

TO: The Parties in Interest Identified in Local 9013-3(a)(2)

1. The Sun Country Creditors Trust, an Arizona Trust (hereinafter Creditors Trust) by and through its undersigned counsel hereby moves the Court for the relief requested and gives notice of hearing.

2. The Court will hold a hearing on this motion at 1:30 o'clock p.m. on the 24th day of August, 2011 or as soon thereafter as the parties may be heard before the Honorable Robert J. Kressel, United States Bankruptcy Judge, in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this Motion must be filed and served by mail or delivery not later than August 19, 2011, which is five days before the time set for hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankr. R. 5005 and Local Rule 1070-1. This is a core proceeding. A voluntary petition commencing the chapter 11 case of MN Airlines LLC d/b/a Sun Country Airlines ("MN Airlines") was filed on October 6, 2008. On September 10, 2010, MN Airlines filed its Second

Modified Joint Plan of Reorganization under chapter 11 of the Bankruptcy Code dated September 10, 2010 (the Plan). The Bankruptcy Court entered an Order and Notice Confirming Plan and Fixing Time Limits on September 10, 2010. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

5. This Motion is filed pursuant to Bankr. R. 9013 and Local Rules 9013-1 through 3. The Creditors Trust seeks an Order approving a certain Settlement Agreement entered into by and among the Creditors Trust and Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC, Sun Credit, LLC and Whitebox Advisors LLC (the "Defendants"). A copy of the Settlement Agreement is attached hereto as Exhibit A.

6. This matter arises out of certain transactions in 2006 and 2007 whereby certain of the Defendants acquired an interest in MN Holdings, the parent company of MN Airlines and approximately a year later, disposed of such interests. The Creditors Trust alleged in the complaint that certain transfers made to Defendants and claims acquired by Defendants were transfers avoidable and recoverable under §§ 544, 547, 548 and 550 of the Bankruptcy Code.

7. Pursuant to the terms of the Plan, the Creditors Trust was established and "all chapter 5 causes of action against Sun Credit, LLC, Sun Minnesota Foreign Holdings, LLC and Sun Minnesota Domestic Holding, LLC …" were, on the Effective Date of the Plan, deposited into the Creditors Trust. (Plan, § 6.2).

8. On October 5, 2010, the Official Committee of Unsecured Creditors of the Debtor commenced Adversary Proceeding no. 10-4213 (the "Adversary Proceeding") in the United States Bankruptcy Court by the filing of a Complaint against Defendants alleging, among other things, claims for fraudulent transfer, preferential transfer, equitable subordination, disallowance of claims and recharacterization and declaratory and other relief.

9. On November 5, 2010 Defendants filed a motion to dismiss the Adversary Proceeding challenging the Committee's claims on a variety of bases, including that the Committee lacked standing to assert the counts for preferential transfer and fraudulent transfer.

10. On December 30, 2010, the Committee filed its Motion for an Order Authorizing It to Pursue Claims on Behalf of the Estate of MN Airlines, *Nunc Pro Tunc* to October 5, 2010 in the MN Airlines case. On January 27, 2011, the Bankruptcy Court entered orders denying the standing motion ("Standing Order") in the MN Airlines case and granting the Defendants Motion to Dismiss as to the chapter 5 claims ("Dismissal Order") in the adversary proceeding.

11. On February 9, 2011, the Committee filed a Notice of Appeal of the Standing Order ("Standing Appeal"). Oral argument in the Standing Appeal was scheduled for July 15, 2011. Oral argument was not conducted in that the parties notified the Court that this matter has been settled, subject to Court approval. The appeal remains pending in the United States District Court.

12. On February 23, 2011 the Plan became effective and the Creditors Trust executed a Creditors Trust Agreement. On March 16, 2011, the Creditors Trust was substituted as the Plaintiff in the Adversary Proceeding by order of the Bankruptcy Court. On May 27, 2011 Defendants filed their Motion for Summary Judgment in the Adversary Proceeding. On June 15, 2011, the Bankruptcy Court entered an Order granting the Motion for Summary Judgment in the Adversary Proceeding and an Order entering judgment in favor of Defendants ("Judgment"). On June 29, 2011, the Creditors Trust filed its Notice of Appeal of the Judgment and dismissal order (the "Judgment Appeal").

## The Settlement

13. The Settlement Agreement settles the disputes between the Creditors Trust and the Defendants as follows:

    A. Within five business days after entry of an order approving the settlement, or if any party objects to the entry of the order within five days after the order approving the settlement becomes a final non-appealable order, Defendants will pay the Creditors Trust Two Hundred Fifty Thousand Dollars ($250,000).

    B. Upon payment of the settlement amount, the Standing Appeal and Judgment Appeal will be dismissed.

    C. The parties shall mutually release one another.

## Relief Requested

14. The Creditors Trust seeks an order of this Court authorizing and approving the settlement as described herein. The Creditors Trust Agreement dated as of February 23, 2011 provides at § 6.2 as follows:

    "Approval of the Bankruptcy Court. Notwithstanding anything in this Agreement to the contrary of this Agreement, the Trustee shall submit to the Bankruptcy Court for its review and prior approval the following matters: (a) any proposed final settlement or disposition in connection with a trust asset …"

The Plan provides that:

The Bankruptcy Court will retain and have exclusive jurisdiction over the chapter 11 cases for the following purposes: … (e) to hear, determine and resolve all applications, motions, adversary proceedings and contested or litigated matters including, without limitation, those related to all Causes of Action preserved under § 14.1 of the Plan, whether pending on the Effective Date or commenced thereafter by the Reorganized Debtor or the Creditors Trust; … (p) to hear matters relating to the Creditors Trust as provided in the Creditors Trust Agreement …" (Plan, Article II, Section 11.1(e) and (p).)

15. Notice is hereby given pursuant to Local Rule 9013-2(c) that if necessary, Morris Garfinkle, as Trustee of the Creditors Trust, whose address is GCW Consulting, 2101 L Street NW, Ste. 1000, Washington, DC 20037 will testify at the hearing on this Motion in Support of the Settlement Agreement.

WHEREFORE, the Creditors Trust respectfully requests that the Court enter an order granting its Motion and approving the Settlement Agreement pursuant to the terms of the Creditors Trust Agreement as provided for in the Plan, and granting such other and further relief as to the Court seems just and equitable.

Dated: August 2, 2011                                   RICKE & SWEENEY, PA

By:   /e/ Larry B. Ricke
Larry B. Ricke (#121800)
325 Cedar Street, Suite 600
St. Paul, MN 55101
Tel: 651-292-3358

and

SNR DENTON US LLP
Carole Neville and Louis A. Curcio
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-768-6700

*Attorneys for the Creditors Trust*

## VERIFICATION

I, Morris Garfinkle, as Trustee of the Sun Country Creditors Trust verify that the facts stated herein are true and correct according to the best of my knowledge, information, and belief.

Dated: 8/1, 2011

_____
Morris Garfinkle

6

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement"), dated as of July 29, 2011, is entered into by and among Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC, Sun Credit, LLC (collectively, the "Sun Entities"), Whitebox Advisors LLC ("Whitebox" and together with the Sun Entities, the "Defendants") and the Sun Country Creditors Trust, an Arizona Trust ("Creditors Trust").

## RECITALS

1. On October 6, 2008, MN Airlines, LLC dba Sun Country Airlines ("MN Airlines") commenced case no. 08-35197 (the "MN Airlines Case") in the Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court").

2. On October 9, 2008, the Bankruptcy Court appointed the Official Committee of Unsecured Creditors in the MN Airlines Case (the "Committee").

3. On September 10, 2010, MN Airlines and MN Airline Holdings, Inc ("MN Holdings") filed their Second Modified Joint Plan Of Reorganization Under Chapter 11 of the Bankruptcy Code Dated September 10, 2010 (the "Plan"). The Bankruptcy Court entered its Order and Notice Confirming Plan and Fixing Time Limits on the same day.

4. The Plan establishes the Creditors Trust according to the Creditors Trust Agreement. Section 6.2 of the Plan provides that on the effective date of the Plan, MN Airlines or MN Holdings shall deposit into the Creditors Trust all Chapter 5 Causes of Action against the Sun Entities ("Chapter 5 Causes of Action") and appoints Morris Garfinkle as the trustee of the Creditors Trust ("Trustee").

5. On October 5, 2010, the Committee commenced Adv. No. 10-04213 (the "Adversary Proceeding") in the Bankruptcy Court by filing a complaint against the Defendants (the "Complaint"). The Complaint contained 11 counts, which included claims for fraudulent transfer, preferential transfer, equitable subordination, disallowance of claim, recharacterization and declaratory and other relief.

6. On November 5, 2010, the Defendants filed a Motion to Dismiss the Committee's Complaint ("Motion to Dismiss") challenging the Committee's claims on a variety of bases, including that the Committee lacked standing to assert the counts for preferential transfer and fraudulent transfer – Counts I-III and V-VIII ("Chapter 5 Claims").

7. On December 30, 2010, the Committee filed its Motion for an Order Authorizing it to Pursue Claims on Behalf of the Estate of MN Airlines *Nunc Pro Tunc* to October 5, 2010 ("Standing Motion"), in the MN Airlines case.

8. On January 27, 2011, the Bankruptcy Court entered orders denying the Standing Motion ("Standing Order") in the MN Airlines Case and granting the Motion to Dismiss as to the Chapter 5 Claims ("Dismissal Order") in the Adversary Proceeding.

9. On February 9, 2011, the Committee filed a notice of appeal of the Standing Order ("Standing Appeal"). Oral Argument in the Standing Appeal was scheduled for July 15, 2011.

10. On February 16, 2011, the Bankruptcy Court entered its Order to Implement Confirmed Plan, which set the effective date of the Plan as February 23, 2011.

11. On February 23, 2011, the Plan became effective and the Creditors Trust executed the Creditors Trust Agreement. The Creditors Trust Agreement provides that the Trustee shall have all powers necessary to implement the provisions therein and administer the Creditors Trust. Section 6.2 of the Trust Agreement requires submission of any proposed settlement or disposition of any Trust Asset, including the Chapter 5 Causes of Action against the Sun Entities, to the Bankruptcy Court for its review.

12. On March 16, 2011, the Creditors Trust was substituted as the plaintiff in the Adversary Proceeding by order of the Bankruptcy Court.

13. On May 27, 2011, the Defendants filed their Motion for Summary Judgment in the Adversary Proceeding as to Claims IV and IX, X and XI (the "Motion for Summary Judgment").

14. On June 10, 2011, the Creditors Trust filed its Response of No Opposition to the Motion for Summary Judgment in the Adversary Proceeding.

15. On June 15, 2011, the Bankruptcy Court entered an order granting the Motion for Summary Judgment in the Adversary Proceeding and an order entering judgment in favor of the Defendants ("Judgment").

16. On June 24, 2011, the Bankruptcy Court closed the Adversary Proceeding.

17. On June 29, 2011, the Creditors Trust filed its notice of appeal of the Judgment and the Dismissal Order (the "Judgment Appeal").

18. The Creditors Trust and the Defendants desire to resolve their claims and disputes related to the Adversary Proceeding, the Standing Appeal and the Judgment Appeal. Accordingly, the Creditors Trust and the Defendants hereby agree as follows:

## AGREEMENT

A. The Trustee will file a motion in the MN Airlines Case requesting that the Bankruptcy Court enter an order approving this Agreement (the "Order"). The Defendants and the

Creditors Trust will continue or stipulate to continue the Standing Appeal and Judgment Appeal until the Bankruptcy Court enters the Order.

B.  Within five (5) business days after entry of the Order, or, if any party objects to the entry of the Order, within five (5) days after the Order becomes a final, nonappealable order, the Defendants will pay the sum of two hundred fifty thousand dollars ($250,000.00) in lawful money of the United States of America to the Creditors Trust (the "Settlement Payment").

C.  Within five (5) business days after the receipt of the Settlement Payment, the Creditors Trust will (i) dismiss the Standing Appeal and (ii) withdraw its notice of appeal for the Judgment Appeal, or, if the Judgment Appeal has been docketed by the United States District Court for the District of Minnesota, dismiss the Judgment Appeal. Defendants and the Creditors Trust agree to sign such stipulation or stipulations of dismissal as are necessary to effect such dismissals.

D.  Effective upon the Creditors Trust's indefeasible receipt of the Settlement Payment, the Creditors Trust, for itself and on behalf of its predecessors or successors in interest, and any person claiming through any of the foregoing, including, without limitation, the Committee and the Trustee, hereby releases, acquits, and forever discharges: (a) the Defendants; (b) all attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals and affiliates of the Defendants; and (c) each of their respective predecessors and successors in interest, and all of their respective current and former members (including ex officio members), officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and affiliates, each in their respective capacities as such, of and from any and all known and unknown (on, prior to or after the date hereof), existing or hereafter arising, absolute or contingent, due or to become due, disputed or undisputed, whether arising at law or in equity, actions, causes of action, claims, demands, damages, injuries, costs, loss of services, expenses and compensation, including any attorneys' fees and other litigation costs and expenses, on account of or in any way arising out of or related to the Adversary Proceeding, the Standing Appeal, the Judgment Appeal or any other matter or matters between the Committee, the Creditors Trust or MN Airlines, on the one hand, and any or all of the Defendants on the other hand, including, but not limited to, any claims the Creditors Trust could assert against any or all of the Defendants under the Plan, except for the Defendants' obligations under this Agreement.

E.  Effective upon the Creditors Trust's indefeasible receipt of the Settlement Payment, the Defendants, for themselves and their respective predecessors or successors in interest, and any person claiming through any of the foregoing, hereby release, acquit, and forever discharge: (a) the Creditors Trust, the Trustee, the Committee and all current and former members of the Committee; (b) all attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals and affiliates of the Creditors Trust and the Committee; and (c) each of their respective predecessors and successors in interest, and all of their respective current and former members (including ex officio members), officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and affiliates, each in their respective capacities as such, of and from any and all known and unknown (on, prior to or after the date hereof), existing or hereafter arising, absolute or

contingent, due or to become due, disputed or undisputed, whether arising at law or in equity, actions, causes of action, claims, demands, damages, injuries, costs, loss of services, expenses and compensation, including any attorneys' fees and other litigation costs and expenses, on account of or in any way arising out of or related to the Adversary Proceeding, Standing Appeal, Judgment Appeal or any other matter or matters between the Creditors Trust and any or all of the Defendants, except for the Creditors Trust's obligations under this Agreement.

F.  The parties to this Agreement represent and warrant that they have not transferred or assigned or otherwise sold any portion of their claims, interests, defenses or causes of action of any nature whatsoever that each party is releasing or assigning hereunder and that each such party is the sole owner of all such respective claims, interests, defenses or causes of action.

G.  Each party hereto acknowledges and represents that it is represented by a licensed attorney and has had the opportunity to consult with an attorney of its choice with respect to this Agreement. Each party represents and declares that in executing this Agreement, it has relied solely upon its own judgment, belief and knowledge, and the judgment, belief, and knowledge of an attorney of its choice, concerning the nature, extent and duration of its rights and claims, and that it has not been influenced to any extent whatsoever in executing this Agreement by any representations or statements by any party that are not expressly contained or referred to herein.

H.  Because each party's attorney has reviewed this Agreement, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

I.  Neither this Agreement, any provision in this Agreement, any document referred to in this Agreement nor any action taken to carry out this Agreement is or may be construed as or may be used against any of the parties hereto or third parties as an admission or concession on any point of fact or law, of any alleged fault, wrongdoing or liability whatsoever. All parties acknowledge and agree that this Agreement has been entered into solely for purposes of settlement. If for any reason the Agreement and the settlement embodied herein is not consummated, this Agreement and anything said or done pursuant to this Agreement or as part of the negotiations leading to this Agreement shall be null and void and shall not be used in this or any other proceeding for any purpose.

J.  This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Minnesota without giving effect to such state's laws addressing conflicts of law.

K.  This Agreement may be executed in two or more counterparts, all of which taken together shall constitute one instrument. This Agreement may be executed by exchange of facsimile or electronic copies of original executed signatures and each such copy shall be deemed to be an original executed signature.

L.  This Agreement sets forth the complete agreement of the parties with respect to the subject matter hereof and may not be modified, waived or changed, except by a writing

signed by the party to be bound thereby. This Agreement is binding upon the parties and their respective successors and assigns.

WHEREFORE, each of the Defendants and the Creditors Trust executes and delivers this Agreement as of the date first set forth above.

SUN COUNTRY CREDITORS TRUST,
AN ARIZONA TRUST

By: _____
Its: _____

SUN CREDIT, LLC

By: _____
Its: _____

SUN MINNESOTA FOREIGN HOLDINGS, LLC

By: _____
Its: _____

SUN MINNESOTA DOMESTIC HOLDINGS, LLC

By: _____
Its: _____

WHITEBOX ADVISORS LLC

By: _____
Its: _____

fb.us.7029282.04

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

In re:

MN AIRLINES, LLC d/b/a
SUN COUNTRY AIRLINES,

Case No. 08-35197 (RJK)

Debtor.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO APPROVE SETTLEMENT AGREEMENT

The Creditors Trust by and through its legal counsel hereby submits this Memorandum in support of its Verified Motion to Approve Settlement Agreement by and among the Creditors Trust, and Sun Minnesota Foreign Holdings, LLC, sun Minnesota Domestic Holdings, LLC, Sun Credit, LLC and Whitebox Advisors LLC. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the motion filed in connection herewith (the "Motion") unless the context requires otherwise. For the reasons set forth herein, the Creditors Trust requests that it Motion be granted.

## Facts

The factual basis for this Memorandum is set forth in the Motion and is incorporated herein.

## Legal Argument

The Bankruptcy Rules provide that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.[1] Settlement agreements are generally encouraged and favored by the courts and "[i]n the absence

---

[1] Although this Motion is not technically a motion under Bankr. Rule 9019 since the movant is not the "trustee", the Creditors Trust Agreement requires that the Creditors Trust seek Bankruptcy Court approval of this settlement and the Creditors Trust believes that the cases analyzing settlements under Bankr. R. 9019 are useful in analyzing the appropriateness of the settlement.

of mistake or fraud, a settlement agreement will not be lightly set aside." *Justine Realty Co. v. American Nat'l Can Co.*, 976 F.2d 385, 391 (8th Cir. 1992).

The standards by which courts evaluate a proposed compromise and settlement is well-established. In granting a motion pursuant to rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. *See Anderson*, 390 U.S. at 424 (1968). The decision to approve a particular settlement lies within the sound discretion of the Bankruptcy Court. *In re Trism, Inc.*, 282 B.R. at 665 (citing *Lambert v. Flight Transp. Corp. (in re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135-36 (8th Cir. 1984)).

In determining whether a settlement is within the "range of reasonableness," the Court should consider the following factors: (a) the probability of success in the litigation; (b) the likely difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors; and (e) whether the agreement promotes the integrity of the judicial system. *In re Hancock-Nelson Mercantile Co., Inc*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989). *In re Farmland Industries, Inc*., 289 B.R. 122, 127 (8th Cir. B.A.P. 2003). A court does not substitute its judgment for that of the trustee or require that the proposed settlement be the best possible settlement obtainable; instead, a court must determine whether the proposed settlement "falls below the lowest point in the realm of reasonableness." *In re Hanson Indus., Ind.*, 88 B.R. 942, 945 (Bankr. D.Minn. 1988) ((quoting *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ill. 1987)). These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement.

Here, the Creditors Trust Agreement requires the Creditors Trust to "… submit to the Bankruptcy court for its review and prior approval …[a]ny proposed final settlement or

disposition in connection with a Trust Asset …" (Creditors Trust Agreement, § 6.2). The factors weigh in favor of approving the Settlement Agreement. The Creditors Trust believes that the Settlement Agreement is in the best interest of the Sun Country Creditors. The Settlement Agreement resolves the disputes among the parties, and will bring funds into the Creditors Trust and will minimize further legal expenses associated with prosecuting the Adversary Proceeding and appeals.

For the foregoing reasons, the Creditors Trust respectfully requests that the Court enter an order granting the motion and approving the Settlement Agreement, and granting such other and further relief as the Court seems just and equitable.

Dated: August 2, 2011 RICKE & SWEENEY, PA

By: /e/ Larry B. Ricke
Larry B. Ricke (#121800)
325 Cedar Street, Suite 600
St. Paul, MN 55101
Tel: 651-292-3358

and

SNR DENTON US LLP
Carole Neville
Louis A. Curcio
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-768-6700

*Attorneys for the Creditors Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

MN AIRLINES, LLC d/b/a                   Case No. 08-35197 (RJK)
SUN COUNTRY AIRLINES,

                 Debtor.

## ORDER APPROVING SETTLEMENT AGREEMENT

This matter came before the Court on the Motion of the Sun Country Creditors Trust seeking approval of a Settlement Agreement pursuant to § 6.2 of the Sun Country Creditors Trust Agreement dated as of February 23, 2011 as provided for in the Debtors Second Modified Joint Plan of Reorganization dated September 10, 2010. Based upon the Motion and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED:

1. The Motion is granted;

2. The Settlement Agreement is approved and the Creditors Trust is authorized to perform the terms thereunder.

Dated:                                                      _____
                                                            Robert J. Kressel
                                                            United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re ) <br> MN AIRLINES, LLC d/b/a ) <br> SUN COUNTRY AIRLINES, ) <br> Debtor. ) <br> ) <br> ) | Chapter 11 <br> Case No. 08-35197 (RJK) |

## CERTIFICATE OF SERVICE

The undersigned states under penalty of perjury he caused to be electronically filed the Notice of Hearing and Motion to Approve Settlement Agreement By and Among the Sun Country Creditors Trust and Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC, Sun Credit, LLC and Whitebox Advisors LLC in this case, thereby causing electronic service by CM/ECF as follows:

| | |
|---|---|
| Daniel C. Beck | dbeck@winthrop.com, tcooke@winthrop.com |
| Roylene A. Champeaux | Roylene.Champeaux@usdoj.gov, Karen.malikowski@usdoj.gov; usamn.ecfbankruptcy@usdodj.gov; nikki.bogren@usdoj.gov |
| Christopher A. Camardello | ccamardello@wintrop.com |
| Gordon B. Conn | conn@kwgc-law.com |
| Peter D. DeChiara | pdchiara@cwsny.com |
| John P. Dillman | Houston_bankruptcy@publicans.com |
| Theresa H. Dykoschak | tdykoschak@faegre.com |
| Michael J. Edelman | mjedelman@vedderprice.com |
| Robert M. Fleischer | rfleischer@pryorcashman.com |
| J. Brian Fletcher | jmail@jessopco.com |
| Michael M. Gavin | mgavin@goslawfirm.com |
| K&L Gates LLP Gearin | Michael.gearin@klgates.com |
| Steven A. Ginther | mn@dor.mo.gov |
| Matthew A. Gold | matthew@argopartners.net |
| Wesley T. Graham | wgraham@hensonefron.com |
| Andrea H. Handel | andrea.handel@usdoj.gov |
| Christopher J. Haraayda | charayda@faegre.com |
| Steven J. Heim | heim.steven@dorsey.com |
| Carole Clark Isakson | Isakson@kwgc-law.com |
| James A. Lodoen | jlodoen@lindquist.com |
| John I. Karesh | jkaresh@vedderprice.com |
| Eugene J. Kottenstette | bankruptcy.gene@denvergov.org |
| Robert T. Kugler | Robert.kugler@leonard.com |
| Connie Lahn | connie.lahn@fmjlaw.com |
| Thomas Lallier | tlallier@foleymansfield.com |
| Michael F. McGrath | mfmcgrath@ravichmeyer.com |
| Michael L. Meyer | mlmeyer@ravichmeyer.com |

2

| | |
|---|---|
| Timothy D. Moratzka | tdm@mcmlaw.com, |
| Joel D. Nesset | jnesset@hinshawlaw.com, akulbeik@hinshawlaw.com |
| John B. Orenstein | jorenstein@rosbizlaw.com |
| David M. Poitras | dpoitras@jmbm.com |
| Charles W. Ries/Renee Rubish | cw_ries@mrr-law.com; renee_rubish@mrr-law.com |
| Martha A. Romero | romero@mromerolawfirm.com |
| Michael Rosow | mrosow@winthrop.com, jahlers@winthrop.com |
| James A Rubenstein | Rubenstein@moss-barnett.com |
| Allen Saeks | ais1548@leonard.com; |
| Eric D. Satre | esatre@jonessatre.com |
| Jacob B. Sellers | jsellers@winthrop.com |
| Richard M. Seltzer | rseltzer@cwsny.com |
| Mackenzie Shea | mackenzie.shea@klgates.com; chad.dale@klgates.com |
| Jeffrey D. Smith | jsmith@lindquist.com |
| Stephen C. Stapleton | ssstapleton@dykema.com |
| Will R. Tansey | wrtansey@ravichmeyer.com |
| U.S. Trustee | ustpregion12.mn.ecf@usdog.gov |
| Thomas G Wallrich | twallrich@hinshawlaw.com, jpierce@hinshawlaw.com; akulbeik@hinshawlaw.com; jaudette@hinshawlaw.com |
| Cass S. Weil | weilc@moss-barnett.com |
| Elizabeth Weller | bethw@ubicans.com, dallas.bankruptcy@publicans.com |
| Sarah J. Wencil | sarah.j.wencil@usdoj.gov |

**And by email as follows**:

| | |
|---|---|
| James Armstrong | james.armstrong@menziesaviation.com |
| Kathy Bailey | jcaceres@baileylawgroup.com |
| E. Banda | arlbank@pbfcm.com |
| Edward A. Cahill | ecahill@san.org |
| James S. Carr | KDWBankruptcyDepartment@kelleydrye.com |
| J. Divack | jdivack@hahnhessen.com |
| John Fredericksen | john.fredericksen@suncountry.com |
| Roy S. Kobert | rkobert@broadandcassel.com |
| Frank F. McGinn | ffm@bostonbusinesslaw.com |
| W. Pawlyshyn | billpawlyshyn@eleventwenty.com |
| D. Uphoff | duphoff@lindquist.com |
| Damon Walker | damon.walker@dot.gov |
| Michael Wietecki | Mwietecki@whiteboxadvisors.com |

And sent via U.S. Mail as follows:

| | |
|---|---|
| Delta Airlines<br>Attn: Officer Authorized to Accept Service<br>P.O. Box 101153<br>Atlanta, GA 30392-1153 | American Express Corporate Card<br>Attn: Officer Authorized to Accept Service<br>P.O. Box 0001<br>Los Angeles, CA 90096-0001 |
| REV Solutions Inc.<br>Attn: Officer Authorized to Accept Service<br>10400 Viking Drive | DFAS-CO/FPS/F<br>Attn: Officer Authorized to Accept Service<br>P.O. Box 182204 |

3

| | |
|---|---|
| Eden Prairie, MN  55344 | Columbus, OH 43218 |
| Aeritae Consulting Group Ltd.<br>Attn: Officer Authorized to Accept Service<br>380 Jackson Street<br>St. Paul, MN  55101 | Worldspan<br>Attn: Officer Authorized to Accept Service<br>300 Galleria Parkway NW<br>Atlanta, G  30339-3196 |
| America S TPA<br>Attn: Officer Authorized to Accept Service<br>7201 West 78th Street<br>Bloomington, MN  55439 | Port of Seattle<br>Attn: Officer Authorized to Accept Service<br>P.O. Box 34249-1249<br>Seattle, WA  98124-1249 |
| Minnesota Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy/P.O. 64447<br>St. Paul, MN  55164 | Internal Revenue Service<br>Attn:  Special Procedures<br>Wells Fargo Pl., Stop 5700<br>30 East Seventh<br>St. Paul, MN  55101 |
| IRS District Counsel<br>650 Galtier Plaza<br>380 Jackson Street<br>St. Paul, MN  55101 | US Attorney<br>600 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN  55415 |
| Hallmark Aviation Services<br>Attn:  Jim Chappell<br>5757 W. Century B2 Ste. 860<br>Los Angeles, CA  90045 | CBS Outdoor (Viacom Outdoor)<br>Attn: Officer Authorized to Accept Service<br>P.O. Box 33074<br>Newark, NJ 07188-0074 |
| Van Paper Company<br>Attn: Officer Authorized to Accept Service<br>2107 Stewart Avenue<br>St. Paul, MN  55116 | Visiality Inc.<br>Attn: Officer Authorized to Accept Service<br>11255 N. Waylands Trail<br>Prescott, AZ  86305-5323 |
| John B. Orenstein<br>Ross & Orenstein LLC<br>Campbell Mithun Tower<br>222 South Ninth Street, Suite 470<br>Minneapolis, MN  55402 | David A. Orenstein<br>Barnes & Thornburg LLP<br>222 South Sixth Street, Suite 2800<br>Minneapolis, MN 55402 |

Dated:  August 2, 2011               /e/ Larry B. Ricke